UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY McGUIRE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:10CV746MLM |
| | ) |
| J.B. HUNT TRANSPORT, INC. and | ) |
| CHARLES CULVER, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

This matter is before the court on Plaintiff's Motion to Remand. [Doc. 9] Defendants filed a Response. [Doc. 11] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 10)

In the Motion, plaintiff Mary McGuire ("plaintiff") moves to remand the case back to the Circuit Court for the City of St. Louis on the grounds that diversity jurisdiction does not exist because neither the amount in controversy is sufficient nor have defendants presented competent proof that "it" was not a citizen of the State of Missouri.

Defendants J.B. Hunt Transport, Inc. and Charles Culver (collectively "defendants") oppose the Motion on the grounds that plaintiff cites no statutory authority or case law in support of the Motion, defendants disagree that J.B. Hunt Transport, Inc. must provide documentary evidence that it is not a citizen of the

State of Missouri and that the amount in controversy does exceed $75,000.00, exclusive of interests and costs.

**1.     Diversity of Citizenship**

Plaintiff provides absolutely no statutory authority or case law to support her position that defendant J.B. Hunt Transport, Inc. must prove its citizenship through "affidavits, interrogatory responses, deposition testimony, certified articles of incorporation or other summary judgment-type evidence." Plaintiff's Motion at ¶6.

Rule 11 of the Federal Rules of Civil Procedure provides in pertinent part:

> **(a)     Signature.** Every pleading, written motion and other paper must be signed by at least one attorney of record in the attorney's name . . .Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. . . .

Fed.R.Civ.P. 11(a)

> **(b)     Representations to the Court.** By presenting to the court a pleading, written motion or other paper - - whether by signing, filing, submitting or later advocating it - - an attorney or unrepresented party certifies to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, . . . (2) the claims, defenses, and other legal contentions are warranted by existing law or by a non-frivolous argument for extending, modifying or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . .

Fed.R.Civ.P. 11(b)

In the present case the defendants' Notice of Removal (Doc. 1) states at ¶5:

> At the time of the commencement of this action, and since that time, the plaintiff was and is a citizen of the State of Missouri. Defendant J.B. Hunt Transport, Inc. was and is a citizen of a state other than Missouri, in that its state of incorporation is Georgia, and its principal place of

> business is located in Lowell, Arkansas. Defendant, Charles Culver, was and is a citizen of the State of Pennsylvania. Therefore complete diversity of citizenship exists between plaintiff and all defendants.

It is signed by Lora K. Beasley, an attorney with the law firm of Donovan, Rose, Nester & Joley, P.C. By signing the Notice of Removal she represented to the court that to the best of her knowledge, information and belief the information is true. No affidavit or other verification is required. Fed.R.Civ.P. 11(a) and (b). Plaintiff's arguments on the diversity of citizenship issue are without merit.

2. **Amount in Controversy**

28 U.S.C. § 1332 provides that in addition to diversity of citizenship, the amount in controversy must exceed $75,000.00, exclusive of interest and costs. In the present case, plaintiff's First Amended Petition states that plaintiff:

> prays for judgment against defendants J.B. Hunt Transport, Inc. and Charles Culver, jointly and severally, in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00) plus costs; however, the entire amount in controversy for claims against all parties does not exceed Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest.

First Amended Petition for Damages Ex. A at 5.

However, a plaintiff's allegations of the amount in controversy are not necessarily dispositive of the issue. State of Mo. ex rel. Pemiscot County, Mo. v. Western Surety Co., 51 F.3d 170, 173 (8th Cir. 1995); Thomas v. Mann, 206 WL 2620644 at *1 (W.D.Mo.).

As this court has stated in Hollenbeck v. Outboard Marine Corp., 201 F.Supp. 2d 990, 992-93 (E.D.Mo.2001), federal courts are courts of limited jurisdiction and a lack of federal subject matter jurisdiction cannot be waived. Magee v. Exxon Corp.,

135 F.3d 599, 601 (8th Cir. 1998). The purpose of the removal statute is to restrict and limit removal jurisdiction, therefore the statute is to be construed narrowly and any doubt should be resolved against removal jurisdiction. American Fire and Cas. Co. v. Finn, 341 U.S. 6 (1951). The party asserting federal jurisdiction has the burden of establishing by a preponderance of the evidence that the amount in controversy requirement is met. Hatridge v. Aetna Casualty & Surety Co., 415 F.2d 809, 814 (8th Cir. 1969); Fainer v. State Farm Mutual Automobile Ins. Co., 2009 WL 911724 (E.D.Mo.).

Where a case is originally brought in federal court and a defendant attempts to dismiss on amount-in-controversy grounds, defendant must prove to a legal certainty that the plaintiff cannot recover the amount claimed. St. Paul Mercury Indem., Co. v. Red Cab Co., 303 U.S. 283, 289 (1938). St. Paul is the seminal amount-in-controversy case and its logic controls the logic in the instant case. From the reference cited above, "It is equally evident that the 'legal certainty' standard should apply to cases removed to federal court from state court where the plaintiff's prayer for damages in the state court exceeds the federal amount-in-controversy requirement. Gafford v. General Electric Co., 997 F.2d 150, 157 (6th Cir. 1993). However, the standard to apply when testing the jurisdictional sufficiency of the amount-in-controversy in a removed case where the complaint, as required by state procedural rules is not specific as to the amount of recovery expected, is not easily resolved. See Gafford, 997 F.2d at 155-160 (outlining and discussing various approaches taken in case law to disputes about amounts-in-controversy in removed

cases and concluding the "preponderance of the evidence (more likely than not)" test is the best alternative). See also Bolling v. Union National Life Inc. Co., 900 F.Supp. 400, 405 (M.D.Ala. 1996) (noting that if defendant had to prove the factual predicate for federal jurisdiction to a legal certainty, it would place the defendant in the unenviable position of having to prove plaintiff's case, citing Garza v. Bettcher Industries, Inc., 752 F.Supp. 753, 756 (E.D.Mich. 1990)).

The amount in controversy is determined as of the time the action is commenced in federal court and subsequent events cannot destroy the court's jurisdiction once it has been acquired. Bank IV Salina, N.A. v. Aetna Casualty & Surety Co., 783 F.Supp. 1315 (D.Kan. 1992). The plaintiff cannot, after removal, deprive the district court of jurisdiction by stipulation, affidavit or by amendment of his pleadings. St. Paul, 303 U.S. at 292.

It is clear and accepted without question that "[i]f the plaintiff does not desire to try his case in the federal court, he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul, 303 U.S. at 294. However, state rules such as Missouri's Rule 55 which does not require damages to be pled as a specific amount may enable a plaintiff to claim in his Petition an amount lower than the amount in controversy in an attempt to defeat federal jurisdiction "while actually seeking and perhaps obtaining damages far in excess of the federal requirement." Gafford, 997 F.2d at 157-158.

Plaintiff's statement in her Amended Petition that the damages do not exceed $75,000.00, exclusive of interest and costs, is not binding. Although a plaintiff has attempted to insulate his case from removal by waiving a portion of his damages and asking less than the jurisdictional amount, he may not defeat removal by simply seeking less than the requisite amount in controversy when the court is informed that the value of the interest to be protected exceeds that amount. Corwin Jeep Sales & Service, Inc. v. American Motors Sales, 670 F.Supp. 591, 596 (M.D.Pa. 1986). Where the petition does not contain a demand for specific monetary amount and removability of a case has been contested by a motion to remand, the court must make factual inquiry into the case. Id. at 596. In a case in which the demand is unspecified, the court may look to the petition for removal or make an independent appraisal of the claim. Id. at 596.

Here, defendants argue a demand of $286,043.89 was made by plaintiff to settle the case. However, although the existence of a settlement demand does not resolve the issue, it is relevant. Thomas v. Mann, 2006 WL 2620644 at *1 (W.D.Mo.); Gramc v. Millar Co./Schindler Enterprises, 3 F.Supp. 2d 1082, 1084 (E.D.Mo. 1998). Plaintiff's First Amended Petition alleges severe injuries to almost all parts of her body, medical expenses ($28, 483.89) and future medical expenses ($121,560.00) as well as pain and suffering, lost wages and future earning capacity. The extent of the injuries pled in plaintiff's petition is a relevant consideration in deciding whether a claim is made in excess of the jurisdictional limit. Fainer v. State Farm Mutual Automobile Insurance Co., 2009 WL 911724 (E.D.Mo.).

Although the amount in controversy is determined at the time the action is commenced in federal court and *subsequent* stipulations cannot deprive the court of jurisdiction, the Western District of Missouri has determined that a stipulation as to the amount sought by plaintiff *at the time of removal* does not violate that principle and strikes a balance between the right of a plaintiff to choose a forum and the right of a defendant to remove. Workman v. Kawasaki Motors Corp. USA, 749 F.Supp. 1010 (W.D. Mo. 1990). In Workman, the state court petition did not state the amount of damages sought. In seeking remand, the plaintiff stipulated to a cap on the damages. This cap allowed the court to find with legal certainty that at the time of removal the amount in controversy did not exceed $50,000.00, the legal limit at the time the case was decided. Id. at 1011.

The court finds a Workman-like approach to be the correct approach. For the court to look to the petition and pre-judge the value of the case based on boiler plate verbiage designed to cover every eventuality that the evidence could conceivably show is patently unfair. It is equally unfair to look to settlement demands made prior to removal as conclusive evidence. A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that defendant does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy *at the time of removal* did not and does not exceed $75,000.00, exclusive of interest and costs.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion to Remand is **DENIED** without prejudice at this time. [Doc. 9]

**IT IS FURTHER ORDERED** that plaintiff is granted fourteen (14) days from the date of this Order to submit a binding stipulation, declaration or affidavit to this court that she will not seek, ask for or accept an amount of damages in excess of $75,000.00, exclusive of interest and costs, signed by both plaintiff and counsel for plaintiff. In addition, plaintiff shall stipulate that if the case is remanded, she will agree to file in the Circuit Court of the City of St. Louis an identical binding stipulation, declaration or affidavit signed by both plaintiff and counsel for plaintiff.

**IT IS FURTHER ORDERED** that if plaintiff submits such a stipulation declaration or affidavit, the court will re-consider the Motion to Remand.

/s/Mary Ann L. Medler
MARY ANN L. MEDLER
UNITED STATES MAGISTRATE JUDGE

Dated this   10th   day of June, 2010.